Mark L. Javitch (CA SBN 323729)
JAVITCH LAW OFFICE
480 S. Ellsworth Avenue
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
mark@javitchlawoffice.com

*Attorney for Plaintiff*
and those similarly situated

IN THE UNITED STATES DISTRICT COURT FOR

THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BEN FABRIKANT, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MARKETING LABS LLC d/b/a Midweekpay.com, a Wyoming business entity, and JOHN DOE 1, an unknown business entity,<br><br>Defendants. | Case No.: _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

**CLASS ACTION COMPLAINT**

1. Plaintiff BEN FABRIKANT ("Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant MARKETING LABS LLC d/b/a Mid Week Pay, ("Mid Week Pay") and Defendant JOHN DOE ("John Doe" or together, "Defendants") to stop their illegal practice of sending unsolicited automated text messages to the cellular telephones of consumers nationwide, and to obtain redress for all persons injured by their conduct. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorney.

## NATURE OF THE ACTION

2. Mid Week Pay is a payday lending cash advance service. As a part of their marketing, Defendants sent thousands of unsolicited messages.

3. Defendants did not obtain express written consent prior to sending these artificial or prerecorded voice messages and, therefore, are in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

4. Congress enacted the TCPA in 1991 to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

5. The TCPA targets unauthorized texts exactly like the ones alleged in this case, based on Defendants' use of technological equipment to spam consumers with its advertising on a grand scale.

6. By placing the texts at issue, Defendants violated the privacy and statutory rights of Plaintiff and the Class.

7. Plaintiff therefore seeks an injunction requiring Defendants to stop its unconsented calling, as well as an award of actual and statutory fines to the Class members, together with costs and reasonable attorneys' fees.

## PARTIES

8. Plaintiff BEN FABRIKANT is a natural person and is a citizen of Lincoln, Nebraska.

9. Defendant Marketing Labs LLC is a Wyoming limited liability company. Marketing Labs LLC may be served by its registered agent, Registered Agents Inc., 30 N. Gould St. Ste R, Sheridan, WY, 82801.

10. Defendant John Doe is an unknown business entity.

## JURISDICTION AND VENUE

11. This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

12. This Court has specific personal jurisdiction over Defendants because Defendants caused the violating texts to be sent to Plaintiff in this District.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the injury substantially occurred in this District.

## COMMON FACTUAL ALLEGATIONS

14. Defendant Midweek is a payday lender.

15. Defendants caused unsolicited text messages to be automatically sent to thousands of cellular phones numbers.

16. Unfortunately, Defendants failed to obtain consent from Plaintiff and the Class before bombarding them with these illegal text messages.

## FACTS SPECIFIC TO PLAINTIFF

17. On February 5, 2021, Plaintiff started to receive unsolicited text messages from Midweekpay.com.

18. When Plaintiff clicked the link in the text, it went to midweekpay.com.

19. Upon information and belief, the texts were sent using a software program *en masse* using an automatic telephone dialing system ("ATDS").

3

20. Plaintiff never consented to receive texts from Defendants. Plaintiff had never heard of Defendant and had no relationship whatsoever with Defendant prior to this interaction.

21. Defendants' texts violated Plaintiff's statutory rights and caused actual and statutory damages.

22. In all, Plaintiff received five (5) unsolicited text messages over a period of several months.

23. In addition to causing statutory damages, these illegal text(s) caused annoyance, intrusion on privacy and seclusion, and wasted battery life and time to Plaintiff.

## CLASS ALLEGATIONS

24. **Class Definition**: Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of Plaintiff and a class defined as follows:

> **TCPA Class**. All persons in the United States who: (1) from the last 4 years to present (2) whose cellular telephones were texted (3) using an ATDS (3) to promote Defendants' products and services;

25. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

26. **Numerosity**: The exact number of the Class members is unknown and not available to Plaintiff, but it is clear that individual joinder is impracticable. On information and

belief, Defendant placed telephone calls to thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through Defendants' records.

27. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendants' uniform wrongful conduct and unsolicited telephone calls.

28. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Plaintiff has retained competent counsel to prosecute the case on behalf of Plaintiff and the proposed Class. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

29. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendants' practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinge on Defendants' conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

30. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any

questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    a. Whether Defendants violated the TCPA;

    b. Whether the calls were placed residential and cellular phones;

    c. Whether the phone calls used an artificial or prerecorded voices;

    d. Whether the calls were caused by Defendants;

    e. Whether the calls promoted Defendants' products and services;

    f. Whether Defendants obtained written express consent prior to the calls;

    g. Whether members of the Class are entitled to treble damages based on the knowingness and/or willfulness of Defendants' conduct.

31. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendants' misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

## CAUSE OF ACTION
### Violation of 47 U.S.C. § 227(b)
**(On behalf of Plaintiff and the TCPA Class)**

32. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

33. Plaintiff and the Class members received unsolicited texts to their cellular telephones.

34. The texts were not made for an emergency purpose.

35. The text messages were sent using a software program that constitutes an ATDS.

36. As a result of its unlawful conduct, Defendants repeatedly invaded Plaintiff's and the Class's personal privacy, causing them to suffer damages and, under 47 U.S.C. § 227(b)(3)(B), entitling them to recover $500 in civil fines for each violation and an injunction requiring Defendants to stop its illegal calling campaign.

37. Defendants made the violating calls "willfully" and/or "knowingly" under 47 U.S.C. § 227(b)(3)(C).

38. If the Court finds that Defendants willfully and/or knowingly violated this subsection, the court may increase the civil fine from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff BEN FABRIKANT, individually and on behalf of the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff BEN FABRIKANT as the Class representative and appointing his counsel as Class Counsel;

B. An order declaring that Defendants' actions, as set out above, violates the TCPA;

C. An order declaring that Defendants' actions, as set out above, violates the TCPA willfully and knowingly;

D. An injunction requiring Defendants to cease all unlawful calls without first obtaining the call recipients' express consent to receive such calls, and otherwise protecting interests of the Class;

E. An award of actual damages and/or statutory fines and penalties;

F. An award of reasonable attorneys' fees and costs; and

G. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: November 5, 2021

Respectfully submitted,

By: /s/ Mark L. Javitch

Mark L. Javitch (CA 323729)
Javitch Law Office
480 S. Ellsworth Avenue
San Mateo, California 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
mark@javitchlawoffice.com

*Attorneys for Plaintiff and the Putative Class*